**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| CENTRAL GROCERS, LLC, *et al.*,[1] | ) Case No. 17-10993 (LSS) ) ) Jointly Administered |
| Debtors. | ) ) **Re: Docket No. 131** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION
SENIOR SECURED SUPERPRIORITY FINANCING AND (B) USE CASH
COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION
SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, (IV) APPROVING
MODIFIED CASH MANAGEMENT SYSTEM (V) SCHEDULING A FINAL HEARING,
AND (VI) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "*Committee*") of the above captioned debtors and debtors in possession (the "*Debtors*"), by and through its undersigned proposed counsel, Kilpatrick Townsend & Stockton LLP and Saul Ewing LLP, hereby files this limited objection (the "*Limited Objection*") to the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Approving Modified Cash Management System, (V) Scheduling of a Final Hearing, and (VI) Granting Related Relief* [D.I. 6] (the "*DIP Motion*").[2] In support of this Limited Objection, the Committee respectfully states as follows:

---

[1] The Debtors' corporate headquarters is located at 7555 Irvine Center Drive, Irvine, California 92618. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), CGI Joliet, LLC (7014), Currency Express, Inc. (2650), Raceway Central, LLC (2161), Raceway Central Calumet Park LLC (2161), Raceway Central Chicago Heights LLC (2161), Raceway Central Downers Grove LLC (2161), Raceway Central Joliet North LLC (2161), Raceway Central LLC North Valpo (2161), Raceway Central Wheaton LLC (2161), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the DIP Motion.

663709.1 05/17/2017

## BACKGROUND

1. On May 4, 2017 (the "*Petition Date*"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On May 5, 2017, the Court entered its *Emergency Bridge Order (A) Authorizing Postpetition Use of Cash Collateral and (B) Use of Cash Management System on an Interim Basis* [D.I. 51] (the "*Bridge Cash Collateral Order*") and *Order (A) Authorizing Postpetition Use of Cash Collateral For an Interim Period, (B) Granting Adequate Protection to the Prepetition Secured Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [D.I. 73] (the "*Interim Cash Collateral Order*").

3. On May 11, 2017, the Court entered its *Order Amending Order (A) Authorizing Postpetition Use of Cash Collateral For an Interim Period, (B) Granting Adequate Protection to the Prepetition Secured Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief* [D.I. 114] (the "*Second Interim Cash Collateral Order*" and together with the Interim Cash Collateral Order and the Bridge Cash Collateral Order, the "*Cash Collateral Orders*").

4. On May 13, the Debtors filed the DIP Motion on shortened notice. The interim hearing on the DIP Motion is scheduled for May 17, 2017 (the "*Interim DIP Hearing*").

5. On May 15, 2017, the United States Trustee for the District of Delaware (the "*U.S. Trustee*") appointed the Committee in these cases pursuant to Bankruptcy Code section 1102. The Committee engaged its proposed legal counsel on May 15, 2017 and proposed financial advisor early yesterday evening. No trustee or examiner has been appointed.

6.   On May 16, 2017, at approximately 9:50 p.m. (ET), the Debtors filed the DIP Budget.

### PRELIMINARY STATEMENT

7.   The Committee, which was formed less than forty-eight (48) hours ago, has not yet had an opportunity to fully analyze the DIP Motion and related DIP documentation, as well as the mechanics and ramifications of the proposed DIP facility. The Committee has of course also not yet had an opportunity to engage in meaningful negotiations regarding the DIP Motion. While the Committee intends on engaging in such analysis and negotiations regarding the DIP Motion, the Committee files this Limited Objection to ensure that entry of the Interim DIP Order does not unfairly prejudice unsecured creditors prior to engaging in such negotiations.

8.   In particular, and as this Court is aware, the previously entered Cash Collateral Orders granted the Debtors minimal liquidity on a week to week basis so as to permit the Debtors to close on a secured postpetition financing package. In the Committee's view, the postpetition facility described in the DIP Motion (the "*DIP Facility*") is nothing more than a continued consensual use of cash collateral disguised as a DIP financing facility in that it provides no incremental new liquidity, yet it contains all the bells and whistles that would normally be afforded to a secured lender who is providing substantial new money, such as the benefit of a creeping 100% roll-up, liens on substantially all of the Debtors' unencumbered assets on an interim basis, postpetition interest and $3.5 million in loan fees (exclusive of legal fees that will be also be paid to the DIP Lenders), 506(c), 552(b) and marshalling waivers and much more. Indeed, the DIP Budget that was filed late yesterday evening suggests that the Debtors do not even need the DIP Facility and can administer these cases with the continued use of cash collateral. It is also telling that neither of the two declarations filed by the Debtors in support of

the DIP Motion state that any incremental liquidity whatsoever is needed. Put simply, the DIP Budget reflects that the Debtors can live off cash and the Debtors do not contend otherwise. In light of such circumstances, the Committee believes that the Interim DIP Order, in many respects, should take the form of another order authorizing the use of cash collateral that does not include the litany of generous protections being offered under the DIP Motion.

9. The Committee is hopeful that its negotiations with the Debtors and the DIP Lenders will result in an enhanced DIP Facility (if a DIP Facility is in fact needed) that actually provides incremental new money and then such a DIP Facility may warrant certain of the protections that the DIP Lenders currently seek. Until those negotiations can occur, however, the relief currently proposed in the Interim DIP Order, which the Committee believes is unduly broad and unwarranted, should be pared back so as to provide the Committee with a meaningful and fair opportunity to negotiate a reasonable, and hopefully consensual, DIP Facility.

## **LIMITED OBJECTION**

10. In reviewing the proposed Interim DIP Order, the Committee has identified a myriad of overreaching provisions that are <u>not</u> subject to entry of the Final DIP Order. Chief among those provisions are:

- **Roll-Up/Paydown of Prepetition Debt:** The proposed creeping roll-up of 100% of the prepetition revolving obligations, which total $200 million, would elevate such prepetition obligations into postpetition debt prior to the Committee even beginning its lien and claim analysis. The Committee objects to the proposed roll-up or paydown of any prepetition secured obligations during the interim period and requests that the roll-up and any proposed paydowns[3] be subject to entry of the Final DIP Order. Similarly, the application of collateral sales or any insurance proceeds to pay prepetition debt should also be subject to entry of the Final DIP Order. At a bare minimum, the Committee requests that language be added to the Interim DIP Order explicitly providing that in the event that any challenge or other cause of action with respect to the prepetition secured obligations, including, without limitation, any objection or challenge to the validity, extent, perfection, priority, enforceability, allowance, amount, and non-avoidability of

---

[3] The DIP Budget appears to indicate an approximate $20 million paydown as soon as the Interim DIP Order is entered.

any prepetition claims, liens, encumbrances, collateral, facilities, and/or secured parties, is determined by final order in favor of the movants/plaintiffs therein, the Court retains jurisdiction to fashion an appropriate remedy, including, without limitation, ordering the unwinding of the roll-up and disgorgement of any payments or paydowns.

- **Lien on Encumbered Assets:** The DIP Lenders' "collateral grab" approach on encumbering substantially all of the Debtors' unencumbered assets upon entry of the Interim DIP Order, including, among other things, commercial tort claims, tax refunds, all intellectual property and potentially unencumbered or unperfected real estate assets is unwarranted given that no new money is being provided under the DIP Facility. As such, the Committee objects to the DIP Lenders being granted any liens or claims on unencumbered assets during the interim period, but at a minimum, the grant of such liens or claims should be limited to the diminution in value of collateral during the interim period.

- **Milestones:** The compressed nature of the proposed Milestones, which the Committee and its professionals would like to diligence prior to the Milestones becoming binding on the Debtors and its estates, may be inappropriate at this early juncture. As such, the Committee requests that any Milestones that fall outside of the interim period be subject to entry of the Final DIP Order.

- **Exercise of Remedies:** The exercise of remedies language, which would permit the prepetition secured lenders to foreclose on their collateral without further notice or order of this Court, subject only to a five (5) day remedies notice period that does not even permit the Committee (or the Debtor for that matter) to contest the occurrence of an event of default or seek non-consensual use of cash collateral, is unduly overreaching and handicaps the two estate fiduciaries. The Committee requests that the Interim DIP Order explicitly provide that the exercise of remedies language be subject to entry of the Final DIP Order.

- **DIP Fees:** The approximate $3.5 million in fees[4] are inappropriate for a DIP financing facility that is providing no new money. Furthermore, the outside DIP maturity date, which is less than 6 months from the Petition Date, makes the proposed fees even more egregious. As such, the Committee requests that no DIP fees be paid during the interim period and that the Interim DIP Order explicitly provide that all DIP fees be subject to entry of the Final DIP Order and not, as the DIP Credit Agreement provides, "fully earned and non-refundable upon the execution and delivery of [the DIP Credit] Agreement." In the alternative, the Interim DIP Order should include language providing for the disgorgement of any DIP-related fees if the DIP Motion is not approved on a final basis.

---

[4] The Committee's proposed financial advisor, FTI Consulting, Inc., which was engaged less than twenty-four (24) hours ago, is still determining the exact magnitude of the fees related to the DIP Facility.

663709.1 05/17/2017

11.     The Committee submits that these requested revisions are necessary because if the Interim DIP Order is entered as currently proposed, it would likely have a crippling effect on unsecured creditors at the very outset of these cases.

12.     In addition to the foregoing, the Committee takes issue with a number of other provisions contained in the Interim DIP Order, but recognizes that because they are subject to entry of the Final DIP Order, such provisions may be negotiated following the Interim DIP Hearing. These provisions include, among others, the proposed lien on avoidance actions, the proposed 506(c) release, 552(b) and marshaling waivers and the proposed Challenge Period. Furthermore, given the myriad of issues discussed in paragraph 10 of this Limited Objection, and recognizing the minimal amount of time between the filing of this Limited Objection and the Interim DIP Hearing, the Committee hereby reserves its rights to raise additional objections at the Interim DIP Hearing or in connection with the final hearing.

## CONCLUSION

13.     The Committee raises herein significant and potentially case-defining issues with respect to the proposed DIP Facility and the proposed Interim DIP Order approving the same. The Committee respectfully requests that the objections raised herein be addressed and incorporated into a revised proposed Interim DIP Order that is satisfactory to the Committee. Furthermore, and as noted above, the Committee hereby reserves all of its rights to raise additional objections at the Interim DIP Hearing or in connection with the hearing on the Final DIP Order.

| | |
|---|---|
| Dated: May 17, 2017 | **SAUL EWING LLP**<br><br>*/s/ Mark Minuti*<br>Mark Minuti (DE Bar No. 2659)<br>Lucian B. Murley (DE Bar No. 4892)<br>1201 North Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE  19899<br>Telephone:  (302) 421-6840<br>Facsimile:  (302) 421-5873<br>mminuti@saul.com<br>lmurley@saul.com<br><br>and<br><br>**KILPATRICK TOWNSEND & STOCKTON LLP**<br>Todd C. Meyers, Esq.<br>1100 Peachtree Street NE<br>Suite 2800<br>Atlanta, GA  30309-4528<br><br>-and-<br><br>1114 Avenue of the Americas<br>New York, NY  10036-7703<br>Telephone: (404) 815-6482<br>Telephone: (212) 775-8766<br>Facsimile: (404) 541-3307<br>tmeyers@kilpatricktownsend.com<br><br>-and-<br><br>David M. Posner, Esq.<br>Gianfranco Finizio, Esq.<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, NY  10036-7703<br>Telephone: (212) 775-8700<br>Facsimile:  (212) 775-8800<br>dposner@kilpatricktownsend.com<br>gfinizio@kilpatricktownsend.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |